## NEIDIG *a.* EIFLER.

*Supreme Court, First District; General Term, Feb.,* 1865.

### BAILMENT.—CHATTEL MORTGAGE.

A leasing of chattels for a specified rent, with an agreement for the sale of them, is not a conditional sale, nor is the contract for hire a chattel mortgage, to the vendors, requiring to be filed under the statute to give it validity.

Appeal from a judgment.

The plaintiffs, Henry Neidig, Peter P. Decker, and Christian Neidig, leased to one Henry Haag the fixtures and furniture of their restaurant for $18 per month, with an agreement that if said Haag should punctually pay the rent for six months they would give a good and sufficient bill of sale of them to him. The property was kept and used in a restaurant carried on by the wife of Haag, which, however, was unknown to the plaintiffs. Haag paid the rent for two months and no more, when during his absence from the city Mrs. Haag sold the property, with the restaurant, to the defendants, Nicholas Eifler and Herman Weshacher, who took it in good faith and without knowledge of the plaintiffs' claim.

The cause was tried in May, 1863, before Mr. Justice Welles, a jury being waived by the parties, and these facts being agreed upon.

WELLES, J.—The transaction constituted a bailment for hire for five months, with a contract on the part of the plaintiffs to convey the property to Haag at the expiration of that time, upon payment to them of the moneys agreed to be paid for the use of the property during the same time. It was not a sale *in presenti.* In both the instruments between the plaintiffs and Haag, which bear even date with each other, and must be construed together, the parties expressly agree that no sale should be thereby implied.

Such an arrangement was perfectly lawful, and the language of the agreements is so specific as to leave no doubt of the intention of the parties. .

In all agreements for the sale of property, it is competent for the parties to provide that the title shall not pass from the vendor to the vendee until full payment of the purchase-money, and in the absence of evidence of an intention to defraud creditors or purchasers, such a provision will be upheld and enforced.

The case is not affected by the statute providing for filing chattel-mortgages and conveyances intended to operate as chattel-mortgages. (3 *Rev. Stat.*, 5 ed., 222, § 9.) The agreements between the plaintiffs and Haag do not constitute a chattel-mortgage, nor an agreement intended to operate as such, for the reason that a chattel-mortgage passes the legal title of the property from the mortgagor to the mortgagee, subject to be defeated upon the performance by the mortgagor of its conditions, and upon the performance of which the title reverts to him. It always presupposes title in the mortgagor, which by the mortgage he transfers to the mortgagee, which continues in the latter until the performance of the conditions. In this case, Haag never had any title to the property in question ; on the contrary, it was always in the plaintiffs. Haag, therefore, could not and did not attempt to convey any title to the plaintiffs, as the title was confessedly in them all the while. It was therefore unnecessary, and would have been an idle proceeding for the plaintiffs to have filed these agreements in pursuance of the statute referred to.

There must, therefore, be judgment for the plaintiffs for the possession of the property in question, according to the provisions of section 277 of the Code, with costs.

From the judgment entered in accordance with this decision, the defendants appealed to the court at general term.

*Townsend & Levinger*, for the appellants.—I. The actual agreement between plaintiffs and Haag was not a letting of the property in question for hire, but, taking the two written agreements together, must be construed into a conditional sale of the property to Haag, accompanied with a delivery of the posses-

sion. The property was to become Haag's upon his paying the several installments mentioned in the agreements. The installments of $18 per month were not rent, but payments on account of the purchase-money.

II. The defendant bought the property in good faith and for full value, from Mrs. Haag, without any knowledge of the agreement in writing between the plaintiffs and Haag, and must therefore be protected.

Plaintiffs had conferred upon Haag, by their own voluntary act, the external *indicia* of ownership, by delivering possession under a conditional sale, and cannot set up their latent title against the defendants, who are *bona-fide* purchasers. (Saltus *a.* Everett, 20 *Wend.*, 279 ; Mowrey *a.* Walsh, 8 *Cow.*, 243 ; Root *a.* French, 13 *Wend.*, 572.)

III. Plaintiffs, by leaving the property in the possession of Haag after the 27th day of October, 1863, and after he had omitted to pay the installment due on that day, thereby waived the condition of the sale. This omission of plaintiffs to remove the property after default had been made in payment by Haag, and their permitting it to remain in his possession, and to use it as his own for weeks after, taking no steps to obtain possession until December, is equivalent to an absolute and unconditional redelivery after the default had been made, and brings the case within the rule laid down by the Court of Appeals in Smith *a.* Lynes (1 *Seld.*, 44–46).

IV. The agreement between plaintiffs and Haag should be construed as a mortgage back to plaintiffs as security for the unpaid installments ; and, as such, is void as against a *bona-fide* purchaser, because not filed in pursuance of the statute. (3 *Rev. Stat.*, 5 ed., 222, § 9.)

*L. A. Lockwood*, for the respondents.—I. The agreements under which the property was delivered to Haag constitute a bailment for hire. The language expressly states a hiring and letting, and forbids even an implication of an agreement to sell —much more a sale.

II. No title passed to Haag. It remained in the plaintiffs. Haag's possession even was conditional. The agreement was neither a conditional sale nor a chattel-mortgage.

III. The "*indicia*," of property which Haag had were pos·

session, and the agreement, which latter expressly negatives his ownership.

IV. The doctrine that possession carries with it the evidence (*indicia*) of property, so as to protect a person acquiring it in the usual course of trade, is limited to cash, bank bills, and bills payable to bearer. (Salturs *a.* Everett, 20 *Wend.*, 277.)

. Mere possession will not enable the possessor to give a good title except as above. (Covill *a.* Hill, 4 *Den.*, 327.)

BY THE COURT.—Judgment in this case must be affirmed, with costs.

## PINCKNEY'S CASE.

*Supreme Court, First District ; General Term, Feb.,* 1865.

APPEAL.—VACATING ASSESSMENTS.—SPECIAL PROCEEDINGS.

An appeal lies to the court at general term from an order made at special term upon an application to vacate an assessment in the city of New York, for fraud or legal irregularity.

The proceedings to vacate such assessments, given by the act of 1858, are special proceedings, within the meaning of the act of 1854, which gives appeals from orders, &c., of court in special proceedings.

Motion to dismiss appeal.

This motion was made to dismiss an appeal taken from an order made at special term, vacating the assessment for opening Madison Avenue.

The application was made to the special term, and the judge there held there were such legal irregularities as warranted him in setting aside the assessment on the lots of the petitioner.